U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HERBERT KIRK, JR.<br>La. Doc. No. 113233 | CIVIL ACTION NO. 06-0817<br>SECTION P |
| VS. | |
| TERRY TERRELL, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on May 15, 2006, by *pro se* petitioner, Herbert Kirk, Jr., Louisiana DOC #113233. Petitioner is an inmate in the custody of the Louisiana Department of Corrections who is currently incarcerated at the Allen Correctional Center, Kinder, Louisiana. He challenges his 1986 aggravated rape convictions in the Ninth Judicial District Court, Rapides Parish, Louisiana in the matter entitled State of Louisiana v. Herbert Kirk, Jr., Docket Number 213149.

## STATEMENT OF THE CASE

Petitioner attacked this same conviction in a petition for writ of *habeas corpus* filed in this court on January 15, 1998. See Herbert Kirk, Jr. v. Warden Avoyelles Correctional Center, No. 1:98-cv-0079. This petition was dismissed with prejudice as

time-barred on April 2, 1998. [doc. 6][1]

## **LAW AND ANALYSIS**

This petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A) which provide that a second or successive § 2254 *habeas* petition must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See <u>In re Epps</u>, 127 F.3d 364 (5th Cir.1997); see also <u>In re Tolliver</u>, 97 F.3d 89, 90 (5th Cir.1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In <u>Felker v. Turpin</u>, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

In this petition, Kirk complains that the trial judge neglected to inform him about his right of confrontation during his 1986 plea colloquy. This petition is therefore "second or successive." See <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir.1998) (a subsequent petition is second or successive when it "<u>raises a claim</u> challenging the petitioner's conviction or sentence <u>that was or could have been raised in an earlier petition</u>, or otherwise constitutes an abuse of the writ." (emphasis supplied))

---

[1] Petitioner denies having filed a prior federal *habeas corpus* petition attacking this conviction. [doc. 1-1, paragraph 9] However, his assertion is obviously false.

Unless and until the Fifth Circuit Court of Appeals first grants petitioner leave to file the present petition, this court lacks jurisdiction to consider the same. <u>Hooker v. Sivley</u>, 187 F.3d 680, 682 (5th Cir.1999); <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir.2000).

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that plaintiff's second and successive Application for Writ of *Habeas Corpus* be **DISMISSED** since this court is without jurisdiction to consider his claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415

(5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE